R. JASON READ, California State Bar No. 117561
ELISE O'BRIEN, California State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911

Attorneys for Plaintiffs
DAVALAN SALES, INC., and
DAVALAN SALES, INC. dba
THE BANANA COMPANY

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVALAN SALES, INC., a California corporation; DAVALAN SALES, INC, a California corporation doing business as the BANANA COMPANY, <br><br> Plaintiff, <br> v. <br><br><br> SANGER BAKERY, LLC, a limited liability company d/b/a SABZEE MEDITERRANEAN MARKET; HOSS H. ZADEH, an individual, <br><br> Defendants. | CASE NO. 2:14-cv-02073-FMO-JCGx <br><br> **ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS SANGAK BAKERY, LLC, erroneously named herein as 'SANGER BAKERY, LLC,' d/b/a SABZEE MEDITERRANEAN MARKET and HOSS H. ZADEH** |

Having read and considered the Settlement Agreement and Stipulation for Entry of Judgment submitted herein by Plaintiffs DAVALAN SALES, INC. ("DSI"), a corporation and also trading as THE BANANA COMPANY ("TBC") (collectively, "Plaintiffs"); and SANGAK BAKERY, LLC, a limited liability company, erroneously named herein as "SANGER BAKERY, LLC," also trading as SABZEE MEDITERRANEAN MARKET ("Sabzee") and HOSSEIN "Hoss" ZADEH ("Zadeh"),

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

(Sabzee and Zadeh are collectively referred to herein as "Defendants") and good cause appearing therefor,

IT IS HEREBY ORDERED that the Settlement Agreement and Stipulation for Entry of Judgment ("Agreement and Stipulation") is approved in its entirety.

IT IS FURTHER ORDERED that the following Stipulated Facts are hereby adopted by this Court as Findings of Fact:

1.     Plaintiff DSI is, and during all times mentioned herein has been, a corporation also trading as TBC, (collectively, "Plaintiffs") organized and operating under the laws of the State of California.

2.     Plaintiffs are, and during all times mentioned herein have been, duly licensed by the U.S. Department of Agriculture, operating under Perishable Agricultural Commodities Act ("PACA") license no. 19840351.

3.     Defendant Sangak, LLC (erroneously named herein as "Sanger, LLC") is a limited liability company organized and existing under the laws of the State of California which is, and during all times mentioned herein was, also doing business as "SABZEE MEDITERRANEAN MARKET."

4.     During all times mentioned herein, Defendant Sangak has operated as a buyer of, among other things, perishable agricultural commodities in interstate and/or foreign commerce in wholesale and jobbing quantities as defined by 7 C.F.R. §46.2(x), as a dealer and/or retailer as defined therein, by virtue of purchasing aggregate amounts of perishable agricultural commodities in amounts totaling at least 2,000 pounds in any one day received or contracted to be received and exceeding $230,000.00 in a calendar year.

5.     By virtue of purchasing perishable agricultural commodities in wholesale and jobbing quantities, Sangak is, and during all times mentioned herein has been, subject to PACA and its rules and regulations, including without limitation the PACA trust provisions set forth at 7 U.S.C. §499e *et seq.*

6.    Defendant Zadeh was, during all times referred to herein, employed by Sangak in the capacity of general manager and was responsible for the daily management and control of Defendant Sangak.

7.    Further, Defendant Zadeh has executed a written personal guarantee by which Zadeh has personally guaranteed payment of the sums due to Plaintiffs that are the subject of this Agreement and Stipulation.

8.    Zadeh was, during times referred to herein, in a position to control the PACA trust assets that are the subject of this Agreement and Stipulation and the complaint filed in the above-captioned matter.

9.    In a series of transactions between on or about August 22, 2013 and September 23, 2013, Plaintiff DSI sold and shipped perishable agricultural commodities to Defendant Sangak, at said Defendant's request, for which Defendant Sangak agreed to pay in amounts cumulatively totaling at least $8,855.75.

10.    In a series of transactions between on or about September 11 and 14, 2013, Plaintiff TBC sold and shipped perishable agricultural commodities to Defendant Sangak at said Defendant's request, in a series of transactions for which Defendant Sangak agreed to pay in amounts cumulatively totaling at least $2,482.50.

11.    All commodities described at paragraphs 9 and 10, above, were delivered to Defendant's business located in Encino, California.

12.    All commodities described at paragraphs 9 and 10, above, were received and accepted by Defendant Sangak without objection.

13.    Payment for each invoice was due within 10 days from the date on which the load was received by Defendant.  All invoices are past due.

14.    All commodities described at paragraphs 9 and 10, above, were sold in the course of and in contemplation of entering interstate and/or foreign commerce.

15.    Plaintiffs have taken all steps necessary to properly preserve Plaintiffs' PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

described at paragraphs 8 and 9, above, and all sums due Plaintiffs from Defendants for said produce sales qualify for protection under the PACA trust statute.

16.     Defendant Sangak has failed to pay Plaintiffs for the PACA balances due as described above, in the cumulative principal amount due of $11,338.25, the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

17.     Defendants and each of them, are statutory PACA trustees obligated to preserve the PACA trust assets for the benefit of Plaintiffs as PACA trust beneficiaries of Defendants and have breached their obligations as a statutory trustees by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiffs.

18.     The total principal amount due under the Agreement and Stipulation is $11,338.25, plus finance charges, costs and attorneys' fees as provided for elsewhere therein, all of which qualifies for protection under the trust provisions of PACA [7 U.S.C. §499e *et seq.*].

19.     Plaintiffs' invoices issued as confirmation of the sales that are the subject of this Agreement and Stipulation contain written provisions which, among other things, provide for recovery of finance charges on past due sums at the rate of 1.5% per month (18% annually) plus reasonable attorneys' fees incurred in connection with collecting the sums due.  Plaintiffs are, therefore, entitled to recover finance charges at the annual rate of 18% plus reasonable attorneys' fees as part of Plaintiffs' PACA claim.

IT IS FURTHER ORDERED that in the event of Defendants' default as set forth in the Agreement and Stipulation, judgment may be immediately entered against them, jointly and severally in the form set forth in Exhibit 2 attached to the Agreement and Stipulation and in the manner set forth in the Agreement and Stipulation.  In the event of default the amount of any judgment entered herein shall reflect all sums due under the terms of the Agreement and Stipulation less sums actually received by Plaintiffs prior to default.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4

IT IS FURTHER ORDERED that so long as Defendants are not in default of the payment terms of the Agreement and Stipulation, Plaintiffs shall take no steps whatsoever to enter or enforce the judgment.  In the event of default as contemplated by this Agreement and Stipulation, Plaintiffs may immediately take whatever steps are available to Plaintiffs to enter judgment in accordance herewith on an *ex parte* basis subject only to Defendants' right to object to entry of such judgment based <u>solely</u> upon the following grounds and no others: (a) whether default has in fact occurred; and, (b) whether the amounts acknowledged by Plaintiffs as having been received prior to default are accurate.

IT IS FURTHER ORDERED that the Complaint in this matter shall be and hereby is dismissed *without prejudice* subject to Plaintiffs' right to reopen this case in the event of default for the purposes of interpreting or enforcing the terms of the Agreement and Stipulation and entering and enforcing the judgment contemplated therein.

IT IS FURTHER ORDERED that the U.S. District Court for the Central District of California shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Agreement and Stipulation and to enter and enforce judgment hereon.

**SO ORDERED.**

DATED: June 25, 2014          By:   _____/s/_____
                                    HON. FERNANDO M. OLGUIN
                                    JUDGE, U.S. DISTRICT COURT

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

5